KM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Albert Munoz, | No.   CV-23-01428-PHX-JAT (ASB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Saad, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Amend Complaint (Doc. 6), proposed Amended Complaint (Doc. 6-1), and Application to Proceed In Forma Pauperis (Doc. 4).  The Court will grant the Application to Proceed; grant the Motion to Amend and direct the Clerk of Court to file the proposed First Amended Complaint; require Defendant Saad to answer the Count One of the First Amended Complaint; and dismiss without prejudice the remaining claim and Defendant.

## I.     Background

On July 20, 2023, pro se Plaintiff Albert Munoz, who is confined in the Arizona State Prison Complex-Lewis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. On August 3, 2023, he filed his Application to Proceed and Motion to Amend.  On August 31, 2023, he filed a certified trust account statement.

## II.    Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C.

TERMPSREF

1    § 1915(b)(1).  The Court will assess an initial partial filing fee of $104.63.  *Id.*  The

2    remainder of the filing fee will be collected monthly in payments of 20% of the previous

3    month's income credited to Plaintiff's trust account each time the amount in the account

4    exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring

5    the appropriate government agency to collect and forward the fees according to the

6    statutory formula.

7    **III.     Statutory Screening of Prisoner Complaints**

8    The Court is required to screen complaints brought by prisoners seeking relief

9    against a governmental entity or an officer or an employee of a governmental entity.  28

10   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

11   has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

12   relief may be granted, or that seek monetary relief from a defendant who is immune from

13   such relief.  28 U.S.C. § 1915A(b)(1)–(2).

14   A pleading must contain a "short and plain statement of the claim *showing* that the

15   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

16   not demand detailed factual allegations, "it demands more than an unadorned, the-

17   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

18   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

19   conclusory statements, do not suffice."  *Id.*

20   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

21   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

22   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

23   that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

25   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

26   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

27   allegations may be consistent with a constitutional claim, a court must assess whether there

28   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

1    But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

2    must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

3    (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

4    standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

5    U.S. 89, 94 (2007) (per curiam)).

6    **IV.    First Amended Complaint**

7    Plaintiff names Correctional Officers II Saad and Toliver in his two-count First

8    Amended Complaint and seeks injunctive relief and money damages.

9    In Count One, Plaintiff alleges Defendant Saad used excessive force on him, in

10   violation of the Eighth Amendment.  Plaintiff claims that on the morning of May 15, 2023,

11   he was waiting for Defendant Toliver to take him to work when Defendant Saad came to

12   his cell door and "immediately began yelling at Plaintiff aggressively to come out and go

13   to work as she opened the cell door."  (Doc. 6-1 at 6.)  Plaintiff began to gather his work-

14   related items and Defendant Saad slammed and locked the cell door, almost hitting

15   Plaintiff's face.  (*Id.*)  Plaintiff and his cellmate continued to calmly wait for Defendant

16   Toliver.  Defendant Saad returned to the cell, opened the door and yelled for Plaintiff to

17   hurry up and come out.  Plaintiff gathered his things, exited the cell, and saw Defendant

18   Toliver coming up the stairs.  Plaintiff asked Toliver "hey can you come get me for work

19   from now on?" and "pointed at [Defendant Saad]."  (*Id.*)  Defendant Toliver "called

20   Plaintiff to come to work."  (*Id.*)  Plaintiff was turned away from Defendant Saad when

21   Defendant Saad "pulled out her tactical stun gun, and shot Plaintiff in the back –

22   discharging the weapon."  (*Id.* at 6-7).  Plaintiff alleges he was "10 ft. away with his back

23   to her, there was no aggression towards [Defendant Saad], who had no penological

24   justification for the assault."  (*Id.* at 7.)  Plaintiff claims Defendant Saad then threatened

25   his cellmate.  (*Id.*)

26   Plaintiff claims that during the incident, Defendant Toliver was at the stairs "but

27   during the entire incident he just did nothing nor said nothing to stop or defuse the assault

28   on Plaintiff or his cellie."  (*Id.*)  As a result "of being electrocuted," Plaintiff "collapsed to

TERMPSREF

- 3 -

1    the floor . . . [and] hit his head and shoulder – causing more injury besides the

2    electrification." (*Id.*)  Another officer initiated an Incident Command System (ICS), and

3    Plaintiff was cuffed behind his back "and treated by security as if he had done something

4    wrong."  Plaintiff alleges Defendant Toliver did not "speak up to say that Plaintiff was not

5    in the wrong until later that day" and allowed "staff [to] get a restraint chair" and then

6    "strap Plaintiff into the chair [and] then . . . push Plaintiff across the yard in front of every

7    prisoner on the yard." (*Id.* at 7-8.)

8         Plaintiff was taken to medical where "people were shining lights into his eyes." (*Id.*

9    at 8.)  Plaintiff closed his eyes in response, and was deemed to have "refused medical

10   treatment because of his eye squinting." (*Id.*)

11        Plaintiff was then transported toward the yard supervisor's office, but on the way

12   there, he requested medical and "asked a staff [sergeant] to call medical and apologize for

13   Plaintiff as he knew they were trying to help." (*Id.*)  Plaintiff was taken to medical where

14   he "conveyed his head hurt where he landed and the light was hurting his eyes." (*Id.*)  He

15   was then taken to the supervisor's office for questioning.  Plaintiff alleges "administration

16   took [Defendant Saad] out of her job duties and sent her home." (*Id.* at 9.)

17        In Count Two, Plaintiff alleges the same facts and asserts Defendant Saad's actions

18   threatened his safety and caused him "physical and mental injury – unnecessary and wanton

19   pain, and suffering." (*Id.* at 16.)

20   **V.    Failure to State a Claim**

21        **A.    Defendant Toliver**

22        Officials can be held liable for failing to intercede when their fellow officers violate

23   constitutional rights and the officials have a reasonable opportunity to intercede. *See*

24   *Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000); *see also Yang v. Hardin*,

25   37 F.3d 282, 285 (7th Cir. 1994).  Plaintiff's facts indicate Defendant Saad's use of force

26   was rapid and unexpected; he does not allege Defendant Toliver had an opportunity to

27   intervene to prevent or stop Defendant Saad's use of force.

28

To the extent Plaintiff claims Toliver failed to prevent security officers from placing Plaintiff in a restraint chair and pushing him across the yard, he has not alleged facts demonstrating that these actions violated his constitutional rights.  Plaintiff does not identify and name as Defendants the officers responsible for placing him in the restraint chair, nor does he allege that the officers placed him in the chair for the purpose of causing him harm—as necessary to state an excessive force claim—or that they were deliberately indifferent to a serious risk of harm to Plaintiff's safety—as necessary to state a threat to safety claim.  Because Plaintiff's facts do not show the underlying actions violated his constitutional rights, Defendant Toliver cannot be liable for failing to intervene in these actions.  The Court will dismiss without prejudice Defendant Toliver for failure to state a claim.

### B.    Count Two

The Court will dismiss Count Two as duplicative of Plaintiff's better-pleaded allegations in Count One.

## VI.    Claims for Which an Answer Will Be Required

Liberally construed, Plaintiff has adequately stated an Eighth Amendment excessive force claim against Defendant Saad in Count One and the Court will require Defendant Saad to answer this claim.

## VII.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a *non*-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

1  relief with a notice of change of address.  Failure to comply may result in dismissal of this

2  action.

3      **C.      Copies**

4      Because Plaintiff is currently confined in an Arizona Department of Corrections,

5  Rehabilitation & Reentry unit subject to General Order 14-17, Plaintiff is not required to

6  serve Defendants with a copy of every document he files or to submit an additional copy

7  of every filing for use by the Court, as would ordinarily be required by Federal Rule of

8  Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  Plaintiff may comply with

9  Federal Rule of Civil Procedure 5(d) by including, with every document he files, a

10  certificate of service stating that this case is subject to General Order 14-17 and indicating

11  the date the document was delivered to prison officials for filing with the Court.

12      **If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he

13  will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a

14  copy of every document that he files, and include a certificate stating that a copy of the

15  filing was served; and (b) submit an additional copy of every filing for use by the Court.

16  *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing

17  being stricken without further notice to Plaintiff.

18      **D.      Possible Dismissal**

19      If Plaintiff fails to timely comply with every provision of this Order, including these

20  warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*,

21  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure

22  to comply with any order of the Court).

23  **IT IS ORDERED:**

24      (1)      Plaintiff's Application to Proceed In Forma Pauperis (Doc. 4) is **granted**.

25      (2)      As required by the accompanying Order to the appropriate government

26  agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee

27  of $104.63.

28

**TERMPSREF**

1    (3)    Plaintiff's Motion to Amend (Doc. 6) is **granted**; the Clerk of Court must

2    file the First Amended Complaint (lodged at Doc. 6-1).

3    (4)    Count Two of the First Amended Complaint is **dismissed** without prejudice.

4    (5)    Defendant Toliver is **dismissed** without prejudice.

5    (6)    If Plaintiff attempts to amend to address the shortcomings identified in this

6    Order, the amended complaint must be retyped or rewritten in its entirety (including those

7    claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15

8    of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil

9    Procedure.

10    (7)    Defendant Saad must answer Count One.

11    (8)    The Clerk of Court must send Plaintiff this Order, and a copy of the

12    Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request

13    for Waiver of Service of Summons form for Defendant Saad.

14    (9)    Plaintiff must complete[1] and return the service packet to the Clerk of Court

15    within 21 days of the date of filing of this Order.  The United States Marshal will not

16    provide service of process if Plaintiff fails to comply with this Order.

17    (10)    If Plaintiff does not either obtain a waiver of service of the summons or

18    complete service of the Summons and First Amended Complaint on Defendant within 90

19    days of the filing of the Complaint or within 60 days of the filing of this Order, whichever

20    is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

21    (11)    The United States Marshal must retain the Summons, a copy of the First

22    Amended Complaint, and a copy of this Order for future use.

23    (12)    The United States Marshal must notify Defendant of the commencement of

24    this action and request waiver of service of the summons pursuant to Rule 4(d) of the

25

26

27    [1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the

28    Central Office of the Arizona Department of Corrections, Rehabilitation & Reentry unless the officer or employee works there.

TERMPSREF

1   Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this

2   Order.

3         (13)   If Defendant agrees to waive service of the Summons and First Amended

4   Complaint, Defendant must return the signed waiver forms to the United States Marshal,

5   not the Plaintiff, **within 30 days of the date of the notice and request for waiver of**

6   **service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the

7   cost of personal service.

8         (14)   The Marshal must immediately file signed waivers of service of the

9   summons.  If a waiver of service of summons is returned as undeliverable or is not returned

10  by Defendant within 30 days from the date the request for waiver was sent by the Marshal,

11  the Marshal must:

12        (a)   personally serve copies of the Summons, First Amended Complaint,

13  and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

14  Procedure; and

15        (b)   within 10 days after personal service is effected, file the return of

16  service for Defendant, along with evidence of the attempt to secure a waiver of

17  service of the summons and of the costs subsequently incurred in effecting service

18  upon Defendant.  The costs of service must be enumerated on the return of service

19  form (USM-285) and must include the costs incurred by the Marshal for

20  photocopying additional copies of the Summons, First Amended Complaint, or this

21  Order and for preparing new process receipt and return forms (USM-285), if

22  required.  Costs of service will be taxed against the personally served Defendant

23  pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise

24  ordered by the Court.

25  . . . .

26  . . . .

27  . . . .

28  . . . .

1    (15)   This matter is referred to Magistrate Judge Alison S. Bachus pursuant to

2  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

3  authorized under 28 U.S.C. § 636(b)(1).

4    Dated this 16th day of October, 2023.

5

6

7

8                                                          James A. Teilborg
                                            Senior United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TERMPSREF**