1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8    Albert Munoz,                          )    No.  CV-23-01428-PHX-JAT (ASB)
                                            )
9                    Plaintiff,             )
                                            )    **ORDER**
10   v.                                      )
                                            )
11   COII Saad, et al.,                      )
                                            )
12                                           )
                     Defendants.             )
13                                           )
                                            )
14   _____ )

15         Before the Court is Plaintiff's Motion to Amend Complaint (Doc. 25).  No response

16   was filed.  The Court will grant the Motion and call for an Answer.

17   **I.    Motion for Leave to Amend**

18         On July 20, 2023, Plaintiff, who is confined in the Arizona State Prison Complex-

19   Lewis, filed a *pro se* civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.  Before

20   the Court screened the Complaint, Plaintiff filed his First Amended Complaint.  (Docs. 6,

21   9.)  The Court screened Plaintiff's First Amended Complaint in an Order (Doc. 8) filed on

22   October 17, 2023.  In the screening order, the Court found that Plaintiff stated a claim

23   against Defendant Saad, but not against Defendant Toliver (*id.*), and Plaintiff has been

24   struggling to serve Defendant Saad since that time. (*See* Docs. 12-24.)  On April 18, 2024,

25   Plaintiff moved for leave to file his second amended complaint pursuant to Rule 15(a) of

26   the Federal Rules of Civil Procedure, and he lodged a proposed Second Amended

27   Complaint (Doc. 25).

28         Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend a

pleading] shall be freely given when justice so requires." "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A court need not prolong litigation by permitting further amendment where such amendment would be futile. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Granting or denying a motion to amend is a matter within the court's discretion. *See, e.g., Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000).

In the proposed Second Amended Complaint, Plaintiff adds Defendant Ryan Thornell, who heads the Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR), and removes Defendant Saad. Plaintiff alleges one count seeking monetary damages and injunctive relief. In so doing, Plaintiff retains his previous allegation of excessive force and adds an allegation that ADCRR failed to properly train its staff (including Officer Saad) regarding use of tasers. Plaintiff therefore argues that his Eighth Amendment rights were violated by the use of "excessive force," and Defendant Thornell's "deliberate indifference" and "failure to protect." For the reasons below, the Court concludes Plaintiff's Second Amended Complaint, liberally construed, states a claim for relief for damages, but not for injunctive relief.

Granting leave to amend, Plaintiff's Second Amended Complaint supersedes the First Amended Complaint in its entirety. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-62 (9th Cir. 1992) (after amendment, the court

treats the original complaint as nonexistent). Any cause of action raised in the original complaint but not raised in the first amended complaint is deemed waived. *See King*, 814 F.2d at 567.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 680.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

(9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). Nonetheless, while *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

### III.    Proposed Second Amended Complaint

In his proposed Second Amended Complaint, Plaintiff writes that he sues Defendant Thornell because Defendant Thornell is responsible for the overall operations and policies of ADCRR as ADCRR Director. Plaintiff then continues, "He is named in his individual capacity as Director of Prisons in and for ADOCRR. Ryan Thornell is sued under color of state law." Therefore, Plaintiff states he is suing Defendant Thornell in his individual capacity, not his official capacity.[1]

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-93 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to .

---

[1] The Court notes that any claim for monetary damages against Defendant Thornell in his official capacity would fail, as "[s]tate officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A] state is not a 'person' for purposes of section 1983. Likewise[,] 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983.") (citation omitted). A lawsuit against Defendant Thornell in his official capacity for prospective declaratory and injunctive relief, however, could possibly have been maintained if pled. *See Ex parte Young*, 209 U.S. 123 (1908).

4

. . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir.2005) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)). "[A] person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Id.*

In his proposed Second Amended Complaint, Plaintiff acknowledges that Defendant Thornell was not personally involved in the alleged use of excessive force against Plaintiff. (Doc. 25-1 at ¶ 25.) Plaintiff alleges, though, that Defendant Thornell is liable because he failed to implement training on the use of tasers against inmates and failed to require staff to undergo annual performance exams regarding taser use. (*Id.*) He further alleges that Defendant Thornell's liability is based on what Defendant Thornell "should have known" regarding the risk posed to inmates. (*Id.*) Liberally construed, Plaintiff has stated an Eighth Amendment claim against Defendant Thornell for damages. *See Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011); *see also Hebbe*, 627 F.3d at 342. However, "section

1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity." *Greenawalt v. Indiana Dep't of Corrs.*, 397 F.3d 587, 589 (7th Cir. 2005); *see also Allen v. Asuncion*, No. CV 17-06381-AB (RAO), 2018 WL 5858446, at *2 (C.D. Cal. Jun. 19, 2018) (collecting cases in Ninth Circuit dismissing injunctive relief claims against state officials sued in individual capacity and citing *Greenawalt*). Thus, Plaintiff's claim for injunctive relief against Defendant Thornell must be dismissed.

## IV.   Service of Defendant Thornell

Because the Second Amended Complaint states a claim against Defendant Thornell, the Court will require service on and an Answer from him. The Court will direct the Clerk of Court to send Plaintiff a new service packet for Defendant Thornell.

## V.   Warnings

### A.   Possible Dismissal

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action may be dismissed without further notice. *See Ferdik*, 963 F.2d at 1260-61 (district court may dismiss action for failure to comply with any order of the Court).

### B.   Address Changes

Plaintiff must file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must serve Defendant, or counsel if appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv. 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.      Further Amendments**

Any additional amendments require the Defendant's written consent or leave of the Court. Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Filing of a third amended complaint without leave of court or the Defendant's consent may result in the filing being stricken.

**IT IS THEREFORE ORDERED:**

(1)      That Plaintiff's Motion to Amend Complaint (Doc. 25) is **granted**, and Plaintiff's Second Amended Complaint (lodged at Doc. 25-1) shall be appropriately docketed by the Clerk of Court;

(2)      That **Defendant Thornell** must answer the Second Amended Complaint and its prayer for monetary damages, or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(3)      That Plaintiff's request for injunctive relief in the Second Amended Complaint is dismissed;

(4)      That **Defendant Saad** is dismissed, as Plaintiff removed her from his operative pleading;

(5)      That the Clerk of Court shall send Plaintiff a service packet including the Second Amended Complaint, this Order, and both a summons and request for waiver form for Defendant Thornell;

(6)      That Plaintiff shall complete and return the service packet to the Clerk of Court within 21 days of the date this Order is filed. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(7)      That if Plaintiff does not either obtain a waiver of service of the summons or complete service of the summons and Second Amended Complaint on Defendant Thornell within 120 days of the filing of the Second Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed against him pursuant to Fed. R. Civ. P. 4(m) and LRCiv 16.2(b)(2)(B)(ii);

(8)     That the United States Marshal shall retain the Summons, a copy of the Second Amended Complaint and a copy of this Order for future use;

(9)     That the United States Marshal shall notify Defendant Thornell of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. **The Marshal shall file a waiver of service of the summons or request for waiver that was returned as undeliverable as soon as received. If a waiver of service of summons is not returned by Defendant Thornell within 30 days from the date the request for waiver was sent by the Marshal, the Marshal shall:**

> (a) personally serve copies of the summons, Second Amended Complaint and this Order upon on Defendant Thornell pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;
>
> (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

8

1       (10)   **That if Defendant agrees to waive service of the summons and Second**

2   **Amended Complaint, he shall return the signed waiver forms to the United States**

3   **Marshal, not the Plaintiff.**

4       Dated this 23rd day of May, 2024.

_____

James A. Teilborg
Senior United States District Judge

9